UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Shannon M. Johnson,<br><br>  Plaintiff,<br>v.<br><br>Kroll Factual Data, Inc., and Stellar Recovery, Inc.,<br><br>  Defendants. | **COMPLAINT** |

**COMPLAINT AND DEMAND FOR JURY TRIAL**

Plaintiff Shannon Johnson ("Plaintiff") sues Defendants Kroll Factual Data ("Kroll") and Stellar Recovery, Inc. ("Stellar") and says:

**JURISDICTION AND VENUE**

1. This cause of action arises out of events emanating from this District, venue is proper in this Court, and this Court has jurisdiction pursuant to 15 U.S.C. § 1681 *et seq.* and 28 U.S.C § 1331.

**PARTIES**

2. The Plaintiff is a natural person who resides in the City of Isanti, State of Minnesota, and is a "consumer" as defined by 15 U.S.C. § 1681a(c) and 15 U.S.C. § 1692a(3).

3. Defendant Kroll Factual Data, Inc. (hereinafter "Defendant Kroll") is a foreign corporation doing business from the corporate address of 5200 Hahns Peak Drive,

1

Loveland, Colorado   80538 and is a "person" as defined at 15 U.S.C. §1681a(b), a "consumer reporting agency" as defined by 15 U.S.C. § 1681a(f), and a "re-seller" as defined by 15 U.S.C. § 1681a(u).

4. Defendant Stellar Recovery, Inc. (hereinafter "Defendant Stellar") is a collection agency doing business from the address of 1327 Highway 2 West, Suite 100, Kalispell, MT  59901.  Defendant Stellar is a "debt collector" as defined by 15 U.S.C. § 1692a(6) and a "person" as defined by 15 U.S.C. § 1681a(b).

## FACTUAL ALLEGATIONS

5. In or about October of 2011, Plaintiff began attempting to help her sister secure a residential home loan from non-party Prime Lending by pledging to co-sign the loan.

6. On or about November 7, 2011 Prime Lending used Plaintiff's personal identifying information to request a consumer report from Defendant Kroll in order to assess Plaintiff's creditworthiness.

7. On or about November 7, 2011, Defendant Kroll responded to Prime Lending's request by providing it with a "Residential Merged Credit Report" (hereinafter, the "Report").

8. The "Report" was a "consumer report" as defined by 15 U.S.C. § 1681a(d)(1).

9. The Report contained inaccurate information related to Plaintiff including, but not limited to, an address in Minneapolis that she has never resided at and a tradeline (hereinafter, the "Tradeline") which read:

**COMCAST, PASTDUE: 405, PAYMENT: COLLECTION.**

10. The Tradeline was the only collection tradeline appearing on the Report and was known by Defendant Kroll not to belong to Plaintiff but was reported as hers in violation of 15 U.S.C. § 1681e(b).

11. The outstanding obligation reflected in the Tradeline was a "debt" as defined by 15 U.S.C. § 1692a(5).

12. Because the Tradeline was reported as belonging to Plaintiff, Plaintiff was allegedly obligated to pay the debt, making Plaintiff a "consumer" as defined by 15 U.S.C. § 1692a(3).

13. The Tradeline was reported by Defendant Stellar, not Comcast, in violation of 15 U.S.C. §1692e(14).

14. The Tradeline did not belong to Plaintiff and, on information and belief, reflected a debt due and owing by a woman named Keylona Johnson.

15. Plaintiff has never been known as Keylona Johnson, does not share the same social security number as Keylona Johnson, and, on information and belief, does not share the same date of birth as Keylona Johnson.

16. Plaintiff does not know a Keylona Johnson.

17. After receiving the Report from Defendant Kroll, Prime Lending denied Plaintiff's credit application.

18. Plaintiff asked Prime Lending's agent, Jeff Rudd, why she was denied credit.

19. Jeff Rudd told Plaintiff that her credit application was denied because of the Tradeline contained in the Report.

20. Plaintiff was embarrassed, humiliated, fearful, and frustrated about being denied credit as a result of the inaccurate Tradeline.

21. Plaintiff called Defendant Stellar at 406-755-9522 on or about November 7, 2011 to dispute the Tradeline and spoke with a male collection agent.

22. Plaintiff explained to Defendant Stellar that she never had an account with Comcast and provided her personal identifying information as proof.

23. Defendant Stellar confirmed that the debt did not belong to Plaintiff but instead to a person with a Minneapolis address by the name of Keylona Johnson.

24. Defendant Stellar told Plaintiff that she should notify Defendant Kroll of the inaccuracy.

25. After the November 7, 2011 telephone conversation, Defendant Stellar failed to report the Tradeline as dispute in violation of 15 U.S.C. § 1692e(8).

26. On November 9, 2011, as instructed by Defendant Stellar, Plaintiff sent to Defendant Kroll via facsimile a dispute letter informing it that the Tradeline was inaccurate.

27. Defendant Kroll received Plaintiff's dispute letter that same day and contacted Defendant Stellar by telephone at 406-755-9522 to reinvestigate Plaintiff's dispute.

28. The November 9, 2011 telephone conversation between Defendant Kroll and Defendant Stellar took place between Kroll's agent Robin Largo and Stellar's agent Tiffany.

29.     In the November 9, 2011 telephone conversation, Defendant Stellar told Defendant Kroll that the Tradeline was accurate.

30.     After Defendant Stellar verified that the Tradeline was accurate, Defendant Kroll recorded an update on the Report stating "UNPAID (406) 755-9522 PER TIFFANY VERIFIED AS BELONGING TO BORROWER BY SSN AND LAST NAME."

31.     Defendant Stellar failed to conduct a reasonable re-investigation of Plaintiff's dispute in violation of 15 U.S.C. § 1681s-2(b).

32.     Defendant Kroll failed to follow reasonable procedures to ensure the maximum possible accuracy of the Report in violation of 15 U.S.C. § 1681e(b).

33.     Defendant Kroll failed to conduct a reasonable of Plaintiff's dispute in violation of 15 U.S.C. § 1681i.

34.     As a result of Defendants' failures, the inaccurate and extremely negative Tradeline remained on Plaintiff's credit report and damaged her credit profile.

35.     On November 10, 2011, Plaintiff sent a facsimile to Defendant Stellar disputing the debt and demanding a letter verifying that the account was going to be removed from her credit profile.

36.     Defendant Stellar did not correct its reporting in violation of 15 U.S.C. §1692e.

## TRIAL BY JURY

37.     Plaintiff is entitled to and hereby demands a trial by jury.  U.S. Const. Amend. 7.  Fed. R. Civ. P. 38.

## CAUSES OF ACTION

### COUNT I.

### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT - 15 U.S.C. § 1692 et seq. – AGINST DEFENDANT STELLAR

38. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

39. The foregoing acts and omissions of Defendant constitute numerous and multiple violations of the FDCPA, including but not limited to each and every one of the several provisions of the FDCPA, 15 U.S.C. § 1692 et seq. cited above.

40. As a result of Defendant's violations of the FDCPA, Plaintiff has suffered actual damages pursuant to 15 U.S.C. § 1692k(a)(1); statutory damages in the amount of $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and, reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3).

### COUNT II.

### VIOLATION OF THE FAIR CREDIT REPORTING ACT – 15 U.S.C. § 1681, *et seq*. – AGAINST ALL DEFENDANTS

41. Plaintiff incorporates by reference all preceding paragraphs as though fully stated herein.

42. Defendants willfully and/or negligently violated 15 U.S.C. §§ 1681s-2(b) and 1681i by failing to conduct reasonable reinvestigations upon receiving notice of Plaintiff's disputes, failing to appropriately report the results of their investigations, and/or failing to appropriately modify, delete, and/or block the Comcast collection information.

43. Defendant Kroll willfully violated 15 U.S.C. §§ 1681e(b) and 1681i by failing to follow reasonable procedures to assure maximum possible accuracy of the information contained in Plaintiff's credit report that they produced to third parties, including current and potential creditors and failing to reasonably investigate Plaintiff's disputes.

44. As a result of Defendants' numerous violations of the FCRA, Plaintiff has suffered actual damages not limited to out-of-pocket expenses, detriment to her credit rating, emotional distress, embarrassment, mental anguish, anxiety, and humiliation in an amount to be determined at trial.

45. Plaintiff is therefore entitled to recover actual damages from both Defendants pursuant to 15 U.S.C. §§ 1681n and 1681o.

46. Defendants' conduct, actions and inactions were willful, rendering it liable for statutory and punitive damages in an amount to be allowed by the Court pursuant to 15 U.S.C. § 1681n.

47. Plaintiff is entitled to recover costs and attorney's fees from both Defendants in an amount to be determined by the Court pursuant to 15 U.S.C. §§ 1681n and 1681o.

**WHEREFORE**, Plaintiff prays that judgment be entered against Defendants for:

- for an award of statutory damages of $1,000.00 pursuant to 15 U.S.C. §1692k(a)(2)(A) against Defendant Stellar;
- for an award of costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3) against Defendant Stellar;
- actual damages for the emotional distress suffered as a result of the FDCPA violations in an amount to be determined at trial against Defendant Stellar;
- statutory and punitive damages for willfully violating the Fair Credit Reporting Act, 15 U.S.C. § 1681 *et seq.* against Defendants Stellar and Kroll;
- costs and reasonable attorney's fees pre and post judgment pursuant 15 U.S.C. §1681 *et seq.* against Defendants Stellar and Kroll;

- actual damages for emotional distress and out of pocket losses as a result of the FCRA violations in an amount to be determined at trial against Defendants Stellar and Kroll; and
- for such other and further relief as may be just and proper.

Dated this 16th day of April, 2012.

By: s/Thomas J. Lyons Jr.
CONSUMER JUSTICE CENTER P.A.
Thomas J. Lyons, Jr., Esq. (#0249646)
367 Commerce Court
Vadnais Heights, MN 55127
Telephone: (651)770-9707
Facsimile: (651)704-0907
Email: tommycjc@aol.com
*Attorney for Plaintiff*