## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

| | |
|---|---|
| Shannon M. Johnson, | Case No. 0:12-cv-01072-SRN-JJK |
| Plaintiff, | |
| vs. | **DEFENDANT KROLL FACTUAL DATA, INC.'S ANSWER AND ADDITIONAL DEFENSES TO PLAINTIFF'S COMPLAINT** |
| Kroll Factual Data, Inc., and Stellar Recovery, Inc., | |
| Defendants. | |

Defendant Kroll Factual Data, Inc. ("Kroll"), through its undersigned counsel, answers the Complaint of Plaintiff Shannon M. Johnson. Kroll denies all allegations in the Complaint not specifically admitted in this Answer.

### JURISDICTION AND VENUE

1. Kroll admits that this action purports to be one brought under the Fair Credit Reporting Act.

### PARTIES

2. Kroll admits that Plaintiff is a natural person, but is without sufficient information to form a belief as to the truth of the allegation in Paragraph 2 as to Plaintiff's residence. Therefore, Kroll denies the allegation. The remaining allegations in Paragraph 2 are legal conclusions to which no response is required. To the extent a further response is necessary, Kroll denies the allegations in Paragraph 2.

3. Kroll admits that it is a foreign corporation with its corporate headquarters located at 5200 Hahns Peak Drive, Loveland, Colorado 80538. The remaining allegations in Paragraph 3 are legal conclusions to which no response is required. To the

extent a further response is necessary, Kroll denies the remaining allegations in Paragraph 3.

4.      The allegations in Paragraph 4 of Plaintiff's Complaint are directed to a defendant other than Kroll; therefore, no response is required.  To the extent a response is required, Kroll denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 4 of Plaintiff's Complaint, and on that basis, denies them.

## FACTUAL ALLEGATIONS

5.      Kroll is without information sufficient to form a belief as to the truth of the allegations in Paragraph 5 of Plaintiff's Complaint.   Therefore, Kroll denies those allegations.

6.      Kroll admits that on or about November 7, 2011, Kroll's customer, PrimeLending, requested a credit report concerning Plaintiff.

7.      Kroll admits that on or about November 7, 2011, it provided a Residential Merged Credit Report concerning Plaintiff to PrimeLending.

8.      Paragraph 8 of Plaintiff's Complaint contains a legal conclusion to which no response is required.  To the extent a response is necessary, Kroll admits that on or about November 7, 2011, Kroll's customer, PrimeLending, requested a credit report concerning Plaintiff.

9.      In response to Paragraph 9 of Plaintiff's Complaint, Kroll states that the Residential Merged Credit Report concerning Plaintiff that it provided to PrimeLending is a written document that speaks for itself.  To the extent a further response is required,

Kroll denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 9 of Plaintiff's Complaint, and on that basis, denies them.

10.     Kroll denies the allegations in Paragraph 10.

11.     Paragraph 11 of Plaintiff's Complaint contains a legal conclusion to which no response is required.  To the extent a response is necessary, Kroll denies the allegations in Paragraph 11.

12.     Paragraph 12 of Plaintiff's Complaint contains a legal conclusion to which no response is required.  To the extent a response is necessary, Kroll denies the allegations in Paragraph 12.

13.     The allegations in Paragraph 13 of Plaintiff's Complaint are directed to a defendant other than Kroll; therefore, no response is required.  To the extent a response is required, Kroll denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 13 of Plaintiff's Complaint, and on that basis, denies them.

14.     Kroll is without information sufficient to form a belief as to the truth of the allegations in Paragraph 14 of Plaintiff's Complaint.  Therefore, Kroll denies those allegations.

15.     Kroll is without information sufficient to form a belief as to the truth of the allegations in Paragraph 15 of Plaintiff's Complaint.  Therefore, Kroll denies those allegations.

16.     Kroll is without information sufficient to form a belief as to the truth of the allegations in Paragraph 16 of Plaintiff's Complaint.   Therefore, Kroll denies those allegations.

17.     Kroll is without information sufficient to form a belief as to the truth of the allegations in Paragraph 17 of Plaintiff's Complaint.   Therefore, Kroll denies those allegations.

18.     Kroll is without information sufficient to form a belief as to the truth of the allegations in Paragraph 18 of Plaintiff's Complaint.   Therefore, Kroll denies those allegations.

19.     Kroll is without information sufficient to form a belief as to the truth of the allegations in Paragraph 19 of Plaintiff's Complaint.   Therefore, Kroll denies those allegations.

20.     Paragraph 20 of Plaintiff's Complaint contains a legal conclusion to which no response is required.   To the extent a response is necessary, Kroll denies the allegations in Paragraph 20.

21.     Kroll is without information sufficient to form a belief as to the truth of the allegations in Paragraph 21 of Plaintiff's Complaint.   Therefore, Kroll denies those allegations.

22.     Kroll is without information sufficient to form a belief as to the truth of the allegations in Paragraph 22 of Plaintiff's Complaint.   Therefore, Kroll denies those allegations.

23.     The allegations in Paragraph 23 of Plaintiff's Complaint are directed to a defendant other than Kroll; therefore, no response is required.  To the extent a response is required, Kroll denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 23 of Plaintiff's Complaint, and on that basis, denies them.

24.     The allegations in Paragraph 24 of Plaintiff's Complaint are directed to a defendant other than Kroll; therefore, no response is required.  To the extent a response is required, Kroll denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 24 of Plaintiff's Complaint, and on that basis, denies them.

25.     The allegations in Paragraph 25 of Plaintiff's Complaint are directed to a defendant other than Kroll; therefore, no response is required.  To the extent a response is required, Kroll denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 25 of Plaintiff's Complaint, and on that basis, denies them.

26.     Responding to Paragraph 26, Kroll admits that on or about November 9, 2011, its Disputes Department received a facsimile from Plaintiff.  The facsimile is a written document that speaks for itself.

27.     Responding to Paragraph 27, Kroll admits that on or about November 9, 2011, Kroll employee Robin Lagro contacted defendant Stellar Recovery, Inc. at (406) 755-9522, and spoke with an individual named Tiffany about the Residential Merged Credit Report concerning Plaintiff that Kroll provided to PrimeLending.

28.     Responding to Paragraph 28, Kroll admits that on or about November 9, 2011, Kroll employee Robin Lagro contacted defendant Stellar Recovery, Inc. at (406) 755-9522, and spoke with an individual named Tiffany about the Residential Merged Credit Report concerning Plaintiff that Kroll provided to PrimeLending.

29.     Responding to Paragraph 29, Kroll admits that on or about November 9, 2011, Kroll employee Robin Lagro contacted defendant Stellar Recovery, Inc. at (406) 755-9522, and spoke with an individual named Tiffany about the Residential Merged Credit Report concerning Plaintiff that Kroll provided to PrimeLending.  Kroll further admits that during this telephone conversation, Tiffany confirmed that a Comcast collection tradeline contained in the Residential Merged Credit Report concerning Plaintiff that Kroll provided to PrimeLending belonged to Plaintiff by Social Security number and last name.

30.     The Residential Merged Credit Report concerning Plaintiff referenced in Paragraph 30 of Plaintiff's Complaint is a written document that speaks for itself.

31.     The allegations in Paragraph 31 of Plaintiff's Complaint are directed to a defendant other than Kroll; therefore, no response is required.  To the extent a response is required, Kroll denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 31 of Plaintiff's Complaint, and on that basis, denies them.

32.     Kroll denies the allegations in paragraph 32.

33.     Kroll denies the allegations in paragraph 33.

34.     Kroll denies the allegations in paragraph 34.

35.     The allegations in Paragraph 35 of Plaintiff's Complaint are directed to a defendant other than Kroll; therefore, no response is required.  To the extent a response is required, Kroll denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 35 of Plaintiff's Complaint, and on that basis, denies them.

36.     The allegations in Paragraph 36 of Plaintiff's Complaint are directed to a defendant other than Kroll; therefore, no response is required.  To the extent a response is required, Kroll denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 36 of Plaintiff's Complaint, and on that basis, denies them.

## TRIAL BY JURY

37.     Kroll admits Plaintiff has demanded a jury trial.

## CAUSES OF ACTION

### COUNT I.

### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT – 15 U.S.C. § 1692 et seq. – AGAINST DEFENDANT STELLAR

38.     Kroll incorporates its responses to paragraphs 1 through 37 of the Complaint as if set forth in full herein.

39.     The allegations in Paragraph 39 of Plaintiff's Complaint are directed to a defendant other than Kroll; therefore, no response is required.  To the extent a response is required, Kroll denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 39 of Plaintiff's Complaint, and on that basis,

denies them.   Further, to the extent Paragraph 39 purports to state allegations against Kroll, those allegations are denied.

40.    The allegations in Paragraph 40 of Plaintiff's Complaint are directed to a defendant other than Kroll; therefore, no response is required.   To the extent a response is required, Kroll denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 40 of Plaintiff's Complaint, and on that basis, denies them.   Further, to the extent Paragraph 40 purports to state allegations against Kroll, those allegations are denied.

## COUNT II.

### VIOLATION OF THE FAIR CREDIT REPORTING ACT – 15 U.S.C. § 1681, et seq. – AGAINST ALL DEFENDANTS

41.    Kroll incorporates its responses to paragraphs 1 through 40 of the Complaint as if set forth in full herein.

42.    Kroll denies the allegations in paragraph 42.

43.    Kroll denies the allegations in paragraph 43.

44.    Kroll denies the allegations in paragraph 44.

45.    Kroll denies the allegations in paragraph 45.

46.    Kroll denies the allegations in paragraph 46.

47.    Kroll denies the allegations in paragraph 47.

WHEREFORE, Kroll prays that Plaintiff's Complaint be dismissed and that a judgment of no cause for action be entered in favor of Kroll together with costs and attorney's fees.

## ADDITIONAL DEFENSES

Without admitting any of the allegations of the Complaint and without admitting or acknowledging that Kroll bears any burden of proof as to any of them, Kroll asserts the following additional defenses.  Kroll intends to rely upon any additional defenses that become available or apparent during pretrial proceedings and discovery in this action and hereby reserves the right to amend this Answer to assert all such further defenses.

### FIRST DEFENSE

Plaintiff's Complaint fails to state a claim against Kroll upon which relief may be granted.

### SECOND DEFENSE

Plaintiff's claims are barred by the applicable statute of limitations.

### THIRD DEFENSE

Plaintiff's claims are barred, in whole or in part, by the equitable doctrines of estoppel, waiver, consent, laches, unclean hands, and/or in *pari delicto*.

### FOURTH DEFENSE

All of the damages allegedly sustained by Plaintiff could have been avoided by the principles of mitigation, the doctrine of avoidable consequences, and all similar and equivalent doctrines.

### FIFTH DEFENSE

Plaintiff's claims are barred, in whole or in part, because the alleged losses or harms sustained by Plaintiff, if any, resulted from causes other than any alleged act or

omission by Kroll or its agents or employees, including but not limited to acts or omissions by third parties.

## SIXTH DEFENSE

Plaintiff's substantive claims and her claims for damages (including but not limited to Plaintiff's claims under sections 607, 611, and 623 of the Fair Credit Reporting Act), which seek to recover, among other things, punitive damages and/or penalties, violate the Fourth, Fifth, Sixth, Eighth and Fourteenth Amendments to the U.S. Constitution and corresponding Articles of the Minnesota Constitution.

## SEVENTH DEFENSE

Plaintiff's Complaint fails to state a claim for which attorney's fees and costs may be awarded.

## EIGHTH DEFENSE

Plaintiff's Complaint fails to state a claim for which punitive damages may be awarded.

## NINTH DEFENSE

Plaintiff's claims are barred, in whole or in part, because Kroll's conduct was privileged.

## TENTH DEFENSE

Plaintiff's claims are barred, in whole or in part, because Plaintiff consented to the conduct at issue.

## ELEVENTH DEFENSE

Plaintiff's claims are barred, in whole or in part, because she failed to comply fully with procedures available under the Fair Credit Reporting Act to address her concerns and/or otherwise failed to take reasonable steps to avoid harm.

## TWELFTH DEFENSE

Plaintiff's claims are barred in whole or in part because, to the extent, if any, that Kroll was or is subject to Section 607(b) of the Fair Credit Reporting Act, Kroll maintained and used, at all relevant times, reasonable procedures to assure the maximum accuracy of information within the meaning of Section 607(b) and otherwise.

## THIRTEENTH DEFENSE

Plaintiff's claims are barred, in whole or in part, because Kroll satisfied all obligations that it had, if any, under applicable law, including but not limited to Sections 607, 611, and 623 of the Fair Credit Reporting Act.

## FOURTEENTH DEFENSE

Plaintiff's claims are barred, in whole or in part, because, at all material times, Kroll acted reasonably, in good faith and without malice based upon all relevant facts and circumstances known by Kroll at the time and did not at any time willfully or negligently fail to comply with applicable law, if any, including but not limited to Sections 607, 611, and 623 of the Fair Credit Reporting Act.

## FIFTEENTH DEFENSE

Plaintiff's claims are barred, in whole or in part, because the cited statutory authority provisions, even if applicable, are unconstitutionally vague and ambiguous and

violate Kroll's rights under the United States Constitution to, among other things, due process of law.

## SIXTEENTH DEFENSE

Plaintiff's Complaint fails to properly state a claim upon which pre-judgment interest may be awarded, as the damages claimed are not sufficiently certain to allow an award of prejudgment interest.

## SEVENTEENTH DEFENSE

Kroll at all times acted reasonably and in good faith, and at no time did it act purposefully, knowingly, deliberately, maliciously, oppressively, intentionally, willfully, wantonly, with any bad faith or with conscious or reckless disregard of Plaintiff or her rights.

## RESERVATION OF RIGHT

Kroll reserves the right to file, upon completion of its investigation and discovery, such amended answers and defenses as may be appropriate.

Date: June 12, 2012

s/ Jeffrey A. Timmerman
Jeffrey A. Timmerman (#0352561)
jtimmerman@littler.com
**LITTLER MENDELSON, P.C.**
1300 IDS Center
80 South 8th Street
Minneapolis, MN  55402.2136
Telephone: 612.630.1000
Facsimile:  612.630.9626

**ATTORNEYS FOR DEFENDANT
KROLL FACTUAL DATA, INC.**

Firmwide:111626955.2 069938.1004